Appellant State of Ohio appeals from the trial court's grant of appellee Reggie Hite's motion to dismiss which alleged that appellee's indictment for escape pursuant to R.C. 2921.34 constituted double jeopardy. Finding that the appellant's indictment for escape after serving a sixty-day sentence as a post-release control sanction under R.C. 2967.28 for the same act did not violate double jeopardy, we reverse the trial court's grant of appellee's motion to dismiss and remand the matter for a hearing on the merits.
In an earlier criminal case, the appellee entered pleas of guilty to counts of attempted abduction and impersonating a police officer. On May 27, 1997, the appellee was sentenced to seventeen months on each count, the sentences to be served concurrently. On or about July 11, 1998, the appellee was released from prison subject to a term of post-release control of seventeen months under the auspices of the Ohio Adult Parole Authority (APA). On or about September 28, 1998, the appellee is alleged to have failed to report to his parole officer, a violation of the terms of his post-release control. On April 16, 1999, the appellee was arrested and, subsequent to an administrative hearing held by the APA, was sentenced to an additional sixty days imprisonment for failing to comply with the terms of his post-release control.
On June 3, 1999, after completing the sixty-day term for his violation of conditions of post-release control, the appellee was indicted by the Cuyahoga County Grand Jury for escape under R.C. 2921.34. The indictment charged that by failing to report to his parole officer as required by the terms and conditions of his post-release control, the appellee had escaped from detention as that term is defined in R.C. 2921.01(E).
On October 13, 1999, the appellee filed a motion to dismiss the indictment on the basis that the indictment violated the double jeopardy clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. The trial court granted the motion to dismiss on November 23, 1999, finding that the indictment was in fact violative of the double jeopardy clauses of the United States and Ohio Constitutions. The within appeal timely followed. The appellant presents a singular assignment of error for this court's review:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS.
In Woods v. Telb (2000), 89 Ohio St.3d 504, the Ohio Supreme Court recently upheld the constitutionality of R.C. 2967.28 and in so doing distinguished post-release control from the bad time provisions found in R.C. 2967.11 on the basis that post-release controls are part of the original court imposed sentence and do not constitute separate and distinct punishment:
 Under the current system of post-release control, the judge sentences the offender from the options available under the new sentencing scheme and informs the offender that he or she may be subject to a definite period of post-release control, which may last for up to three years in the case of discretionary post-release control, and that a violation of those conditions would result in additional time up to fifty percent of the original sentence. Those terms are part of the actual sentence, unlike bad time, where a crime committed while incarcerated resulted in an additional sentence not imposed by the court. In other words, the court imposes the full sentence and the APA determines whether violations merited its imposition. The defendant is fully informed at sentencing that violations of post-release control will result in, essentially, "time and a half." * * * In contrast to the bad-time statute, post-release control is part of the original judicially-imposed sentence. * * * The post-release control sanctions are sanctions aimed at behavior modification in the attempt to reintegrate the offender safely into the community, not mere punishment for an additional crime, as in bad time.
Woods, supra, 89 Ohio St.3d at 512.
Therefore, appellee's post-release control sanction was not a criminal punishment and did not operate to bar his subsequent criminal prosecution for the same conduct in the within case. Woods, supra. The revocation of the appellee's post-release control was part of his prior sentence and did not constitute a separate and distinct prosecution for the offense of escape. The subsequent indictment in addition to the sanctions for violating post-release control is expressly authorized by the statute. R.C. 2967.28(F)(4).
In finding that the double jeopardy clause does not prohibit subsequent criminal prosecutions based on conduct in circumstances such as those presented in this appeal, we join numerous appellate courts throughout the state which have recently reached the same conclusion. State v. Jeter (Sept. 13, 2000), Lorain App. No. 99CA007505, unreported; State v. Wellbaum (Sept. 1, 2000), Champaign App. No. 2000-CA-5, unreported; State v. Holder (June 12, 2000), Warren App. No. CA99-09-117, unreported; State v. Dawson (Apr. 5, 2000), Tuscarawas App. No. 1999AP080051, unreported.
We therefore hold that R.C. 2967.28 does not put defendants in double jeopardy for violation(s) of their post-release control where such conduct also constitutes a felony. Accordingly, appellant's sole assignment of error is well-taken. The judgment of the trial court is hereby reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., and JAMES D. SWEENEY, J., CONCUR.